UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

FLOYD WAYNE BELL,

Petitioner,

v.

OREGON BOARD OF PAROLE AND
POST-PRISON SUPERVISION,

Respondent.

Case No. 2:17-cv-01429-AA

OPINION AND ORDER

AIKEN, District Judge:

Petitioner brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner argues that the Oregon Board of Parole and Post-Prison Supervision (the Board) violated his federal constitutional rights when it deferred his parole consideration date for 120 months. Petitioner seeks an order releasing him from custody. For the reasons explained below, the petition is denied.

I. BACKGROUND

In 1989, petitioner was convicted in two separate cases of several sexual assault and sex abuse offenses. One sentencing court found petitioner to be a "dangerous offender" based on its finding that petitioner "suffers from a severe personality disorder which causes the defendant to

1 - OPINION AND ORDER

have the propensity to commit future crimes of violence against persons." Resp't Ex. 101 at 4-5; *see also* Or. Rev. Stat. § 161.725(1) (dangerous offender statute).

In July 2013, the Board conducted a parole-consideration hearing to determine whether an initial parole release date should be set in petitioner's case. Resp't Ex. 103 at 80-81. Based on the evidence of record, the Board found that petitioner had a "mental or emotional disturbance, deficiency, condition, or disorder predisposing" him to criminal activity and rendering him "a danger or menace to the health or safety of others." Resp't Ex. 103 at 122. The Board further found that it was not reasonable to expect that petitioner would be granted a release date before ten years from the current date. Resp't Ex. 103 at 122-23. As a result of these findings, the Board deferred petitioner's parole consideration date for 120 months, "for a firm parole date of June 7, 2023 following ten years." Resp't Ex. 103 at 123. The Board also explained that petitioner had "the right to request an interim hearing not earlier than two years from [the Board's decision], for the purpose of demonstrating that there is reasonable cause to believe that you may be granted a change in the terms of confinement." Resp't Ex. 103 at 128.

Petitioner sought administrative review, and the Board rejected his arguments. Resp't Ex. 102 at 7-10. Petitioner then sought judicial review with the Oregon Court of Appeals. Resp't Ex. 105. The Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 112-113.

Petitioner now seeks relief pursuant to 28 U.S.C. § 2254.

## II. DISCUSSION

Petitioner argues that the Board violated the Ex Post Facto Clause by deferring his parole for 120 months pursuant to an amended version of Or. Rev. Stat. § 144.125(3). Petitioner argues that the Board should have applied the 1989 version of § 144.125, which allegedly would have

2 - OPINION AND ORDER

allowed the Board to defer parole on grounds of community safety only if petitioner had received a formal "diagnosis" of a "present severe emotional disturbance." Petitioner maintains that the examining psychologists did not render a "diagnosis" of a "present severe emotional disturbance" and the Board must have relied on the "modified" statutory standard when deferring his parole. *See generally* Pet. at 6-9 (ECF No. 1) and Pet'r Addendum at 2-3 (ECF No. 21).

As an initial matter, the Board did not apply § 144.125 when it deferred petitioner's parole date. Resp't Ex. 102 at 8 ("The Board did not err by applying the incorrect version of ORS 144.125(3), because ORS 144.125(3) was not the statute that governed your parole consideration hearing. Rather, ORS 144.226 (1968) and ORS 144.228 (1988) governed your parole consideration hearing."). Accordingly, I find petitioner's arguments regarding § 144.125 to be without merit.

To the extent petitioner argues that the Board's deferral of parole under §§ 144.226 or 144.228 violates the Ex Post Facto Clause, his arguments have been rejected.

In cases of dangerous offenders, the Board conducts a parole-consideration hearing to determine whether it should set an initial parole release date. Or. Rev. Stat. § 144.228(1)(a). Within 120 days of the hearing, a psychiatrist or psychologist appointed by the Board must examine the offender and indicate "whether or not in the psychiatrist's or psychologist's opinion the convicted person has mental retardation or any mental or emotional disturbance, condition or disorder predisposing the person to the commission of any crime to a degree rendering the examined person a danger to the health or safety of others." *Id.* § 144.226(1),(2). The Board must set a parole release date if it "finds the prisoner no longer dangerous" or "can be adequately controlled with supervision and mental health treatment." *Id.* § 144.228(1)(b)(A). "If the board is unable to make such findings, a review will be conducted no less than two years, and no more

3   - OPINION AND ORDER

than 10 years, from the date of the previous review." *Id.* The Board "may not grant the prisoner a review hearing that is more than two years from the date of the previous hearing unless the board finds that it is not reasonable to expect that the prisoner would be granted a release date before the date of the subsequent hearing." *Id.* § 144.228(1)(b)(B). In other words, the Board may defer parole consideration hearings for up to ten years if the Board finds that the prisoner 1) remains dangerous and cannot be adequately controlled, and 2) would not reasonably be expected to be granted a release date before the specified deferral period.

To establish an ex post facto violation, petitioner must show that the Board's application of §§ 144.226 and 144.228 created "a sufficient risk of increasing the measure of punishment attached to [petitioner's] crimes." *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995); *see also Garner v. Jones*, 529 U.S. 244, 251 (2000) (a retroactive procedural change violates the Ex Post Facto Clause when it "creates a significant risk of prolonging [an inmate's] incarceration."). A "speculative" or "attenuated" risk of prolonged incarceration is insufficient to establish an ex post facto claim. *Morales*, 514 U.S. at 509.[1] Notably, the Supreme Court and Ninth Circuit have held that retroactive application of statutes or regulations decreasing the frequency of parole review hearings for certain offenders does not implicate the prohibition against ex post facto laws.

In *Morales*, the Supreme Court rejected an ex post facto challenge based on a statutory amendment that changed the frequency of parole suitability hearings from every year to up to three years. *Morales*, 514 U.S. at 503. The Court found that the amendment did not increase the applicable sentencing range for an offense, did not change the dates of initial parole hearings,

---

[1] Respondent maintains this claim is not cognizable on habeas review because petitioner, if successful, would be entitled to a new parole consideration hearing rather than immediate or earlier release from custody. *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016). In this particular case, I assume without deciding that petitioner's claims implicate the duration of his confinement and I address their merits.

4  - OPINION AND ORDER

and did not change the standards to determine parole eligibility. *Id.* at 507. Rather, the amendment simply "introduced the possibility that after the initial parole hearing, the Board would not have to hold another hearing the very next year, or the year after that, if it found no reasonable probability that respondent would be deemed suitable for parole in the interim period." *Id.* The Court found that this change created "only the most speculative and attenuated risk of increasing" the punishment for the relevant crimes. *Id.* at 514.

In *Garner,* the Supreme Court likewise rejected an ex post facto claim based on the retroactive deferment of parole review, declaring that "it is difficult to see how the Board increased the risk of [the inmate] serving a longer time when it decided that its parole review should be exercised after an 8-year, not a 3-year, interval." 529 U.S. at 255. The Court emphasized that that "if such a risk develops," the inmate could seek an earlier review based on changed circumstances or new information. *Id.* at 254-55; *see also Scott v. Baldwin*, 225 F.3d 1020, 1022 (9th Cir. 2000) (finding that an Oregon statutory amendment eliminating biennial reviews of dangerous offender status was not an ex post facto violation when the offender could seek a hearing at any time); *Gordon v. Premo*, 2017 WL 5615168, at *4 (D. Or. Nov. 20, 2017) ("Where the Board specifically advised Petitioner that he has the right to request an interim hearing pursuant to ORS 144.280, and where his ability to secure such a hearing is not dependent upon a new psychological evaluation, there is no *ex post facto* violation in the Board's retroactive application of ORS 144.280 to Petitioner's case.").

Here, application of §§ 144.226 and 144.228 had no effect on the punishment attached to petitioner's crimes or the standards for determining parole eligibility. Decreased frequency of petitioner's parole consideration "might create some speculative, attenuated risk of affecting a prisoner's actual term of confinement by making it more difficult for him to make a persuasive

case for early release, but that fact alone cannot end the matter for *ex post facto* purposes." *Morales*, 514 U.S. at 508-09; *see also Guzek v. Felton,* 2013 WL 1213330, at *4 (D. Or. Mar. 18, 2013) (finding that "the most significant change enacted by the 2009 amendments to ORS 144.228 - the shift from the former two-year maximum review interval to the current ten-year maximum review interval - complies with recent Supreme Court and Ninth Circuit precedent"). Therefore, the deferral of petitioner's parole under § 144.228 is not an ex post facto violation.

Next, petitioner appears to argue that the Board's decision to defer parole was not supported evidence of a present severe emotional disturbance and failed to comply with the Board's own rules. However, any claim by petitioner alleging the failure to abide by Oregon law or relevant Board procedures is not cognizable in a federal habeas petition. It is well established that federal habeas relief is not available to remedy alleged violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (reiterating that "federal habeas corpus relief does not lie for errors of state law"). Moreover, the record refutes petitioner's claim. *See* Resp't Ex. 102 at 8 (quoting a psychological report diagnosing an "anti-social personality disorder" and concluding, "Given the aforesaid, it is my clinical judgment that [petitioner] would be a danger to the greater community if he were to be paroled at this time").

Finally, petitioner argues that the Board violated the Establishment Clause by suggesting, recommending, or ordering him to "start attending religious services or religious based programs." Pet. at 5. It is well established that the State "may not coerce anyone to support or participate in religion or its exercise." *Lee v. Weisman*, 505 U.S. 577, 587 (1992). The Ninth Circuit follows a three-element test to assess alleged "governmental coercion of religious activity": "first, has the state acted; second, does the state action amount to coercion; and third, is the object of the coercion religious rather than secular?" *Inouye v. Kemna*, 504 F.3d 705, 713

(9th Cir. 2007) (citation omitted). In the parole context, the first element is met if "the Board expressly states that the prisoner must participate in the faith-based program at issue," and the second element is met if "the Board advises the prisoner he will not be eligible for parole unless he participates in the particular faith-based program." *Birdwell v. Martel*, 2011 WL 219537, at *14 (E.D. Cal. Jan. 19, 2011).

Here, the record does not reflect governmental coercion of religious activity. Contrary to petitioner's allegation, the Board did not order petitioner to participate in any faith-based or religious-based services against his wishes and it did not tell petitioner that his parole would be conditioned on his participation in religious programming. Rather, the Board asked petitioner about his participation in programming, including substance abuse programming offered through religious services (such as Alcoholics Anonymous or "AA"), and noted that petitioner had not taken advantage of these programs and had made little or no "effort to address criminal risk factors of substance abuse problems." Resp't Ex. 103 at 93-94, 127-128. Moreover, petitioner did not raise any objection to AA or similar programs based on his religion beliefs or request alternative substance abuse programs. Therefore, I find no violation of the Establishment Clause.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this 9th day of August, 2018.

Ann Aiken
United States District Judge